IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-570-FL

| | |
|---|---|
| KRAUSZ INDUSTRIES LTD. *formerly known as* Krausz Metal Industries, Ltd. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ORDER |
| SMITH-BLAIR, INC.; SENSUS USA, INC.; SENSUS MANUFACTURING SHANGHAI LTD., | ) ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court on plaintiff's motion to strike portions of defendants' opening claim construction brief (DE 71), and plaintiff's motion for leave to file a reply and to supplement the record (DE 74). This matter also is before the court for scheduling of a claim construction hearing. The issues raised have been fully briefed, and the matter is ripe for ruling. For the following reasons, the court denies plaintiff's motion to strike and grants plaintiff's motion for leave to file a reply and to supplement the record.

## BACKGROUND

Plaintiff filed suit in August 2012 alleging patent infringement by defendants. Plaintiff seeks a declaration of infringement, monetary damages, and injunctive relief to prevent continuing infringement. Plaintiff claims that defendants market a pipe coupling device (the "421 Top Bolt ®") that infringes a patent owned by plaintiff, U.S. Patent No. 6,293,556 (the "'556 Patent" or "the patent"). The '556 Patent issued in 2001, and was reconfirmed in 2012.

By way of summary, the patent describes in its abstract a "Coupling and Connecting Means for pipes of the same or different diameters and a seal to be used with such connecting means." ('556 Patent, Abstract (DE 24-1 at 2)). The three claims of the patent are as follows:

> 1. A sealing ring for pipe connector means made of resilient material, the sealing ring comprising a first sleeve-like ring the cross section of which defines a inner space therein, and a second ring overriding said first sleeve-like ring and being loosely connected to said first ring, said second ring being adapted to be torn off said first ring at a predetermined location so as to adapt the sealing ring to interconnect pipes of substantially different diameters.
>
> 2. A sealing ring as claimed in claim 1 where said second ring is integral with said first ring.
>
> 3. A sealing ring as claimed in claim 1 where said seal is incorporated with connecting means provided with a U shape ring and placed within said U shaped ring.

Plaintiff alleges infringement of Claim 1 and Claim 3 of the patent.

The parties filed a joint claim construction statement on June 16, 2014, setting forth 14 disputed claim terms and proposed constructions for each. The parties filed opening claim construction briefs and responsive claim construction briefs in July and August, 2014. As required by the court's January 15, 2014, case management order, the parties filed on August 25, 2014, a joint report reiterating perceived need for claim construction hearing, proposing three dates for hearing in October and November, 2014. The report states that the parties do not plan to elicit live testimony at hearing, but propose initial presentations followed by argument on all disputed claim terms together. The parties estimate that approximately 4 to 5 hours will be need for the hearing.

On August 18, 2014, plaintiff moved to strike portions of defendants' opening claim construction brief, arguing that pictures alleged to be of plaintiff's and defendants' products contained in defendants' brief are improper and not relevant to claim construction. On September

2

2, 2014, plaintiff moved for leave to file a reply brief in order to respond to defendants' arguments regarding plaintiff's expert qualifications and testimony. Plaintiff also seeks to supplement the record with a complete file history of the patent and a complete transcript of the deposition of plaintiff's expert.

## DISCUSSION

A.  Claim Construction Standards

In <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967 (Fed. Cir. 1995) (en banc), the Federal Circuit set forth the court's role in determining as a matter of law the meaning and scope of patent claims, in the context of a patent infringement action, such as the one brought by plaintiff here. Analysis of infringement involves two steps. "The first step is determining the meaning and scope of the patent claims asserted to be infringed." <u>Id.</u> at 976. "The second step is comparing the properly construed claims to the device accused of infringing." <u>Id.</u> It is the first step, "commonly known as claim construction or interpretation," that is at issue at the present stage of this case. <u>Id.</u>

It is the court's role in claim construction to "analyze the text of the patent and its associated public record and apply the established rules of construction, and in that way arrive at the true and consistent scope of the patent owner's rights to be given legal effect." <u>Id.</u> at 979. "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (internal quotations omitted). Thus, the goal of claim construction is to determine the meaning of the claims. <u>See</u> <u>id.</u>

"To ascertain the meaning of claims," the court must consider primarily the "intrinsic record," comprised of "the claims, the specification, and the prosecution history." <u>Markman</u>, 52

3

F.3d at 979; Phillips, 415 F.3d at 1313. Secondarily, the court may consider "extrinsic evidence" in the form of expert testimony, technical information and dictionaries. Id. The court sets forth below further detail regarding these categories of evidence, and their use, as may be pertinent to the instant motions.

"[T]he words of a claim are generally given their ordinary and customary meaning." Phillips, 415 F.3d at 1312 (internal quotations omitted). In turn, "the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." Id. at 1313. In addition, the claims "must be read in view of the specification, of which they are a part." Id. at 1315 (quotations omitted). "[T]he specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." Id. (internal quotations omitted).

"[A]lthough the specification often describes very specific embodiments of the invention, [the Federal Circuit has] repeatedly warned against confining the claims to those embodiments." Id. at 1323. "Much of the time, upon reading the specification in that context, it will become clear whether the patentee is setting out specific examples of the invention to accomplish those goals, or whether the patentee instead intends for the claims and the embodiments in the specification to be strictly coextensive." Id.

"[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." Id. at 1317. Nevertheless, the court cannot "rely on the prosecution history to construe the meaning of the claim to be narrower than it would otherwise be unless a patentee limited or

4

surrendered claim scope through a clear and unmistakable disavowal." 3M Innovative Properties v. Tradegar Corp., 725 F.3d 1315, 1322 (Fed. Cir. 2013).

"Although [the Federal Circuit has] emphasized the importance of intrinsic evidence in claim construction, [the court has] also authorized district courts to rely on extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" Phillips, 415 F.3d at 1317 (quoting Markman, 52 F.3d at 980).

"[E]xtrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes, such as to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field." Id. at 1318. "A trial judge has sole discretion to decide whether or not [she] needs, or even just desires, an expert's assistance to understand a patent. [The Federal Circuit] will not disturb that discretionary decision except in the clearest case." Markman, 52 F.3d at 981. "However, conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court." Phillips, 415 F.3d at 1318. Likewise, "the testimony of [the inventor] and his patent attorney on the proper construction of the claims is entitled to no deference." Markman, 52 F.3d at 983.

The court is not required to make factual findings in the claims construction process. Rather, any extrinsic evidence considered is used to assist the court in construing the claim terms:

> Through this process of construing claims by, among other things, using certain extrinsic evidence that the court finds helpful and rejecting other evidence as unhelpful, and resolving disputes *en route* to pronouncing the meaning of claim language as a matter of law based on the patent documents themselves, the court is

5

> *not* crediting certain evidence over other evidence or making factual evidentiary findings. Rather, the court is looking to the extrinsic evidence to assist in its construction of the written document, a task it is required to perform. The district court's claim construction, enlightened by such extrinsic evidence as may be helpful, is still based upon the patent and prosecution history.

Markman, 52 F.3d at 981; see also Domestic Fabrics Corp. v. Sears, Roebuck, & Co., 212 F.Supp.2d 489, 493 n.3 (E.D.N.C. 2002) (stating that in claim construction hearing "strict rules of evidence were not applied but evidence was excluded when objected to if its probative value was too marginal to justify the time it would take to receive it").

B.   Analysis

   1.   Motion to Strike

Plaintiff seeks to strike a portion of the background section in defendants' brief that discusses plaintiff's Hymax ® and defendants' Top Bolt ® products. Defendants state that the discussion provides "context for the Court's analysis." (DE 62 at 4). Plaintiff argues that the discussion is improper and irrelevant, and that it invites improper comparisons, more appropriate for a later stage of the case. Plaintiff also argues that the photographs and brochures of the products referenced are not authenticated.

The court is mindful of plaintiff's concerns. However, the court does not find it necessary or helpful prior to the claim construction hearing to strike the challenged discussion or restrict references to the parties' products. The court will endeavor to apply the claim construction principles set forth above in making its claim construction ruling. To the extent either party makes arguments or references that the court, upon consideration, finds not determinative of its claim constructions, the court need not reference them in its decision.

6

At the claim construction hearing, the court may find useful for background and context hearing a short tutorial from each party on the general functioning of prior art and technology in the same field as the patented invention. The court may also find it helpful to have the parties briefly present a tangible, physical, example of a commercial embodiment of plaintiff's invention, not for purposes of using it to define the claims, but rather to have the parties illuminate "background on the technology at issue, to explain how [the] invention works, [or] to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art." Phillips, 415 F.3d at 1317. The court will find less useful, and generally discourages, discussion of defendants' accused product. Nevertheless, some reference or illustration of defendants' accused product may be helpful, again, in providing context in terms of the general field of technology.

Furthermore, because of the use of such illustrations only for background or context, the court rejects plaintiff's concerns with formal authenticity of exhibits attached to defendants' responsive brief illustrating the parties' respective products. See Domestic Fabrics, 212 F.Supp.2d at 493 n.3. If, at claim construction hearing, one party or the other objects to an illustration or component of presentation, such objection can be voiced, and the court will consider whether continued presentation is warranted, reserving as always the possibility of disregarding such evidence in formulating the court's claim construction rulings. In sum, the court denies plaintiff's motion to strike.

7

2.	Motion for Leave to Reply and Supplement Record

Plaintiff seeks leave to file a reply claim construction brief addressing defendants' arguments regarding plaintiff's expert, Dr. Tullis. Plaintiff also seeks leave to supplement the record with the patent file history and complete deposition testimony.

The parties' opening and responsive claim construction briefs thoroughly address the legal standards and record support for their respective arguments. While the court recognizes plaintiff's concern that defendants' responsive brief makes arguments needing further reply, a claim construction hearing provides such opportunity for reply. The court discourages proliferation of filings, where the points raised can be addressed at hearing.

As a practical matter, however, the court has reviewed the proposed reply and surreply submitted by the parties, and the court is mindful of the issues raised by the parties therein. Those materials are part of the record in this case, and the court will not strike or prohibit reference to such materials at claim construction hearing. For clarity of the record, and the convenience of the court and the parties at this point, the court grants plaintiff's motion and directs the parties to separately file their respective proposed claim construction replies and surreplies on the docket, along with any exhibits thereto.

In addition, for good cause shown, the court grants plaintiff's motion to supplement the record with the complete file history and deposition transcript. Defendants voice concern that the proposed materials supplementing the record are not complete. Plaintiff addresses these concerns in reply, noting that it now has filed certified copies of the file history, and that it does not oppose including exhibits with the deposition transcript, as defendants propose. Accordingly, the court

8

grants the motion to supplement the record, and directs the party in possession of such exhibits to the deposition transcript to file a complete set of such exhibits within 7 days of the date of this order.

3.       Scheduling of Claim Construction Hearing

The parties originally proposed dates for claim construction hearing in October and November 2014, not to include presentation of live testimony, with total proposed duration of argument estimated to be 4 to 5 hours. In light of the court's present criminal and civil trial calendar, the next available dates for claim construction hearing fall on or after February 11, 2015. The court directs the parties jointly to propose three dates for hearing on or after that date. In accordance with the foregoing, the court encourages the parties to make initial presentations, up to 30 minutes per side, in the nature of a tutorial and/or background regarding the relevant field of art. Consistent with the parties' proposed order of presentation, argument then will proceed with plaintiff's opening argument directed to the most critical disputed claim terms, responsive argument by defendant, rebuttal by plaintiff, and surrebuttal by defendants. Each party will be limited to no more than 2 hours 30 minutes total argument time.

With respect to issues raised by the reply and surreply allowed by the court, the court encourages the parties to focus argument on issues needing further discussion following such briefing, rather than only repeating points made in briefing. In particular, for example, the parties should be prepared to present argument on whether or not the parties' proposed experts are "person[s] of skill in the art" of the patent in suit, Phillips, 415 F.3d at 1318, and the extent and nature of that relevant art. (Compare, e.g., DE 74-1 at 3, with DE 79-1 at 10).

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike is DENIED. Plaintiff's motion for leave to file reply and to supplement the record is GRANTED, in accordance with the terms set forth herein. Plaintiff is directed to file its proposed reply, and defendants are directed to file their proposed surreply, along with any supplemental record materials not yet filed, within 7 days of the date of this order. The parties shall jointly propose to the court, within 14 days of the date of this order, 3 dates for claim construction hearing to take place on or after February 11, 2014.

SO ORDERED, this the 15th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge