UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
No. 5:12-CV-00570-FL

| | | |
|---|---|---|
| KRAUSZ INDUSTRIES LTD. | ) | |
| f/k/a Krausz Metal Industries Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| SMITH-BLAIR, INC., SENSUS USA, | ) | |
| INC. and SENSUS MANUFACTURING | ) | |
| SHANGHAI LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The confidential, proprietary, or private information likely to be involved in disclosure and discovery activity in this action includes, without limitation, confidential product design, research, development, manufacturing, and other technical information; confidential marketing, sales, distribution, information; confidential information regarding competitors, competition, and competitive strategies; confidential information concerning internal policies and procedures; and confidential information concerning revenues, costs, profits and other financial matters. Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

2.1 **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 **CONFIDENTIAL Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 **Designating Party:** a Party or Non-Party that designates information or items in which it has a confidentiality interest in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

2.4 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which any such item or information is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 **Expert:** a person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying expert in this action, (2) is not a current employee, officer, or retained advisor of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee, officer, or retained advisor of a Party or of a Party's competitor.

2.6 **HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items:** Confidential Information that the Designating Party reasonably believes contains such highly sensitive information that its disclosure to any officers, directors, employees or retained advisors of the other Party or a Non-Party would present a substantial risk of harm to the competitive position of the Designating

2

Party. By way of non-limiting example, Disclosure or Discovery Material in one or more of the following categories may qualify for the HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering processes, engineering notebooks, specifications, research notes and materials, technical reference materials, and other nonpublic technical descriptions and/or depictions of the relevant technology; (ii) non-public damages-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iii) non public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; and (vii) information obtained from a non-party pursuant to a current Non-Disclosure Agreement ("NDA").

2.7 **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 **Outside Counsel**: (1) attorneys, including attorneys licensed to practice law in a foreign jurisdiction, who are not officers, directors, or employees of a Party but are retained to represent or advise a Party; and (2) staff employed or retained by those attorneys, including, but not limited to, contract review attorneys.

2.9 **Party:** any party to this action, including all of its officers, directors, employees, and retained advisors.

2.10 **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits

or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 **Protected Material:** any Disclosure or Discovery Material that is designated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

2.13 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is available to the public at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or this Court otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

4

action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information.    Mass, indiscriminate or routinized designations are prohibited.

5.2    **Designation Required for Protection.** Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. However, as noted in Section 5.4 below, inadvertent failure to designate Disclosure or Discovery Material at the time of disclosure or production does not waive a Party's right to thereafter make such designation if otherwise appropriate. Notwithstanding the foregoing, if the Disclosure or Discovery Material is produced by a Party or Non-Party for whom the information is not CONFIDENTIAL,    HIGHLY    CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, any other Party with such an interest may so designate the Disclosure or Discovery Material.

5

**5.3** **Manner and Timing of Designation.** Designation in conformity with this Order requires:

(a) *for information produced in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)*, that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY to each page that contains protected material. If only a portion or portions of the material in a document qualifies for protection, the Producing Party also must, if requested by the Receiving Party as to a specific document or documents, clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) *for information made available for inspection*, that a Party or Non-Party that makes original documents or materials available for *inspection need not designate them for* protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY) to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must, if requested by the Receiving Party as to a specific document or documents, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(c)     *for testimony given in deposition or in other pretrial or trial proceedings*, that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, protected testimony and specify the level of protection being asserted. The Designating Party also may, no later than 14 calendar days after the transcript of the deposition is delivered to Outside Counsel for the Designating Party, designate, in writing, specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 calendar days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days after the transcript of the deposition is delivered to Outside Counsel for the Designating Party if that period is properly invoked, that the entire transcript shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY, subject to the other provisions of this Order concerning the scope of designations.

 (c)(2) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a

7

list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Before the expiration of a 14-day period for designation, a transcript shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d)     for information produced in some form other than documentary and for any other tangible items—including, but not limited to, productions of documents in electronic form, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall, if requested by the Receiving Party as to specific information, identify the protected portion(s) and specify the level of protection being asserted.  In the case of natively-produced electronically stored information, such designation may be affixed to the storage medium (e.g., CD, DVD, etc.) on which such information is produced.

**5.4    Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this

8

Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges.** Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice (by letter or email) of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof, but only if it satisfies the meet and confer requirements set forth in

the preceding paragraph or establishes that the Designating Party has failed to participate in the meet and confer process in a timely manner. Any such motion shall be filed within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is sooner. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    **Disclosure of CONFIDENTIAL Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to

disclose the information for this litigation; *provided, however,* that any attorneys and their employees who are not affiliated with counsel of record in this action shall sign the Acknowledgment (Exhibit A) prior to any such disclosure; and *provided further* that Aryeh Reif and Reuven Borokovsky, prior to any such disclosure to them, also shall provide to defense counsel sworn declarations similar to those submitted by them in *Krausz Industries Ltd. v. Romac Industries, Inc., et al.,* No. 2:10-CV-01201-RSL;

(b) officers, directors, employees and retained advisors of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, mediators selected by the Parties, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgment (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

11

**7.3     Disclosure     of     HIGHLY     CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY only to:

(a)     the Receiving Party's Outside Counsel and who are also an attorney of record in this case, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation; *provided, however,* that absent written consent from the Designating Party, the foregoing shall not include any individual engaged in the preparation or prosecution of patent applications anywhere in the world related to pipe couplings or any component thereof. Any such bar to preparation or prosecution shall begin when access to HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY information is first received by the affected individual and shall end two (2) years after final disposition of this action;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the Acknowledgment (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, mock jurors, mediators selected by the Parties, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment (Exhibit A);

12

(e)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4   Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Information or Items to Experts.**

(a)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to Section 7.3(b) first must make a written request to the Designating Party that sets forth (1) the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer, (4) identifies each person or entity from whom the Expert has received significant compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, and (5) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b)   A Party that makes a request and provides the information specified in the preceding respective Sections may not disclose the subject Protected Material to the identified Expert for seven (7)

calendar days after delivering the request. If the Party does not receive a written objection from the Designating Party, setting forth in detail the grounds on which that objection is based, before these 7 days expire, the Party may disclose Protected Material to the identified Expert.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to prevent the disclosure to the Expert may file a motion seeking such relief from the court. Any such motion shall be filed within 14 days of the initial written objection or seven days of the Parties agreeing that the meet and confer process will not resolve the objection, whichever is earlier. In any such motion, the Party seeking to prevent disclosure to the Expert shall specify the risk of harm that the disclosure would entail and suggest any additional means that could be used to reduce that risk.  The Party opposing disclosure to the Expert shall bear the burden of providing that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.  The Protected Material that is the subject of the motion shall not be disclosed to the Expert until the court rules on the motion.

8. **NON-PARTY PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

   8.1 **Non-Parties Are Beneficiaries.** A Non-Party in this action may designate Discovery Material that it produces as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. Such Protected Material produced by Non-Parties is subject to the limitations on disclosure imposed by this Order, except for those in Section 7.4 above.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

   10.1 **Duties on Receipt of Claim of Privilege in Inadvertently Produced Information.** When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of that Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that the Receiving Party may not use Disclosure or Discovery Material that the Producing Party asserts is attorney-client privileged or work product protected in any challenge to that assertion of privilege or protection, including by submitting the information for in camera review by the Court.

10.2 **Non-Waiver under Fed. R. Evid. 502(d).** Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any information to which a claim of privilege or work product protection attaches is not a waiver in this action or in any other federal or state proceeding.

10.3 **Mere Fact of Production Does Not Constitute Waiver.** The mere production of Disclosure or Discovery Material in a litigation as part of a production does not itself constitute a waiver for any purpose.

10.4 **No Effect on Ethical Obligations**. Nothing in this Order modifies any person's ethical duties regarding information to which a claim of attorney-client privilege and/or work product protection may attach.

11. **MISCELLANEOUS**

11.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 **Right to Assert Other Objections.** By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3 **Filing Under Seal:** Any request to file under seal confidential documents, things and/or information shall the procedures set forth in *Stone v. University of Maryland,* 855 F.2d 178, 180-81 (4th Cir. 1988). Each time a party seeks to file under seal any Protected Material, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any request to seal seeks to overcome the common law or First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to access are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. When a party seeks to file confidential documents, things and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

## 12. FINAL DISPOSITION

Within ninety (90) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, including, for example, all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, testifying and non-testifying expert work product, and copies of Protected Material created by the operation of Outside Counsel's backup and recovery tools. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

### 13.    ADVICE TO CLIENTS

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of designated Disclosure or Discovery Material produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Disclosure or Discovery Material produced by another party if such disclosure would be contrary to the terms of this Protective Order.

This the _31st_ day of _August_____, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

**STIPULATED:**


/s/ Lance A. Lawson
Lance A. Lawson
N.C. State Bar No. 23835
llawson@myersbigel.com
Myers Bigel Sibley & Sajovec, P.A.
4140 Parklake Avenue
Suite 600
Raleigh, North Carolina 27612
Telephone: (919) 854-1400
Facsimile: (919) 854-1401

Attorneys for Krausz Industries Ltd.


/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
Francisco J. Benzoni
N.C. State Bar No. 38660
fbenzoni@smithlaw.com
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800

Attorneys for Smith-Blair, Inc., Sensus USA, Inc.
and Sensus Manufacturing Shanghai Limited

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
No. 5:12-CV-00570-FL

| | | |
|---|---|---|
| KRAUSZ INDUSTRIES LTD. | ) | |
| f/k/a Krausz Metal Industries Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| SMITH-BLAIR, INC., SENSUS USA, | ) | |
| INC. and SENSUS MANUFACTURING | ) | |
| SHANGHAI LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order entered by the United States District Court for the Eastern District of

North Carolina on _____ [date] in the case of *Krausz Industries Ltd. f/k/a*

*Krausz Metal Industries Ltd. v. Smith-Blair, Inc., Sensus USA, Inc. and Sensus Manufacturing*

*Shanghai Limited,* No. 5:12-CV-00570-FL. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after final disposition of this action.

Date: _____

City/State where sworn and signed: _____

Printed name: _____

Signature: _____