IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-570-FL

| | |
|---|---|
| KRAUSZ INDUSTRIES LTD., *formerly known as* Krausz Metal Industries, Ltd. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SMITH-BLAIR, INC.; SENSUS USA, )<br>INC.; and SENSUS MANUFACTURING )<br>SHANGHAI LTD., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiff's motion to strike defendants' invalidity contentions and to limit prior art references and combinations. (DE 123). Defendants responded in opposition and plaintiff replied. In this posture, the issue raised are ripe for ruling. For the following reasons, plaintiff's motion is denied.[1]

**BACKGROUND**

Plaintiff filed suit in August 2012 alleging patent infringement by defendants, and plaintiff filed an amended complaint in March 2013. Plaintiff seeks a declaration of infringement, monetary damages, and injunctive relief to prevent continuing infringement. Plaintiff claims that defendants market a pipe coupling device (the "421 Top Bolt ®") that infringes a patent owned by plaintiff,

---

[1] Also pending is the motion to dismiss for lack of personal jurisdiction by defendant Sensus Manufacturing Shanghai Limited, and a related motion to seal, (DE 110, 125) which the court will address by separate order.

U.S. Patent No. 6,293,556 (the "'556 Patent" or "the patent"). The '556 Patent issued in 2001, and was reconfirmed in 2012.

By way of summary, the patent describes in its abstract a "Coupling and Connecting Means for pipes of the same or different diameters and a seal to be used with such connecting means." ('556 Patent, Abstract (DE 24-1 at 2)).[2] The three claims of the patent are as follows:

> 1. A sealing ring for pipe connector means made of resilient material, the sealing ring comprising a first sleeve-like ring the cross section of which defines a [sic] inner space therein, and a second ring overriding said first sleeve-like ring and being loosely connected to said first ring, said second ring being adapted to be torn off said first ring at a predetermined location so as to adapt the sealing ring to interconnect pipes of substantially different diameters.
>
> 2. A sealing ring as claimed in claim 1 where said second ring is integral with said first ring.
>
> 3. A sealing ring as claimed in claim 1 where said seal is incorporated with connecting means provided with a U shape ring and placed within said U shaped ring.

(Id. Col. 2, lines 42-54). Plaintiff alleges infringement of claim 1 and claim 3 of the patent.

Defendants Smith-Blair, Inc., and Sensus USA, Inc., filed answers and counterclaims of invalidity and non-infringement, on May 6, 2013. Defendant Sensus Manufacturing Shanghai Ltd. filed its answer and counterclaims of invalidity and non-infringement, on December 3, 2013. The court entered its case management order on January 15, 2014. In accordance with the deadlines therein and in the local patent rules, plaintiff served initial infringement contentions in February, 2014, and defendants served initial non-infringment and invalidity contentions in April 2014, supplemented in September 2014.

---

[2] Except where otherwise expressly noted, all citations to documents using the docket entry number (DE) provided in the court's docket, including briefs and exhibits thereto, will specify the page number automatically designated by the CM/ECF system, rather than the page number, if any, specified on the original document.

2

The court entered its order on claim construction on August 31, 2015. On September 2, 2015, plaintiff disclosed final infringement contentions, pursuant to Local Patent Rule 303.6(a). On September 28, 2015, defendants disclosed final non-infringement and invalidity contentions, pursuant to Local Patent Rule 303.6(b). On November 13, 2015, defendants served amended invalidity contentions. Plaintiff filed the instant motion on November 30, 2015.

In the meantime, upon motion by the parties, this court has extended the deadline for fact discovery several times. Most recently, the court extended the fact discovery deadline to May 27, 2016. In accordance with the case management order, expert discovery is due to be completed 135 days thereafter, or October 9, 2016. Dispositive motions are due 30 days thereafter, or November 8, 2016.

## DISCUSSION

Plaintiffs' motion includes several requests for relief. Plaintiff seeks an order (1) striking defendants' final non-infringement and invalidity contentions, (2) striking defendants' amended invalidity contentions, and (3) limiting the number of prior art references and combinations that defendants may assert to no more than eight prior art references and combinations, where defendants have heretofore asserted 81 prior art references and combinations. The court will address each in turn.

A.   Final Non-Infringement and Invalidity Contentions

Plaintiff seeks to strike defendants' final non-infringment and invalidity contentions on the basis that defendants did not have a valid reason for asserting new contentions beyond those identified in their preliminary non-infringement and invalidity contentions.

3

Local Patent Rule 303.6 provides that a party's preliminary non-infringement and invalidity contentions "shall be deemed to be that party's final contentions," except as set forth in the rule. In particular, Rule 303.6(b) allows a party to serve final non-infringement and invalidity contentions, that amend its preliminary non-infringement and invalidity contentions, not later than 50 days after the court's claim construction ruling, and without leave of court, if either of two conditions are met:

(1)   a party claiming patent infringement has served "Final Infringement Contentions" pursuant to Local Civil Rule 303.6(a), or

(2)   the party opposing a claim of patent infringement believes in good faith that the court's Claim Construction Ruling so requires.

Local Patent Rule 303.6(b). In addition, Local Patent Rule 303.7 permits amendment or modification of non-infringement and invalidity contentions "within thirty (30) days of the discovery of new information relevant to the issues of infringement, noninfringement, or invalidity." "Otherwise, amendment or modification shall be made only be order of the court, which shall be entered only upon a showing of good cause." Local Patent Rule 303.7.

Here, defendants' final contentions were served on September 28, 2015, less than 50 days after the Court's claim construction ruling. Thus, the issue presented is whether defendants' final contentions meet either condition set forth in Local Patent Rule 303.6(b). The first condition is met. In particular, plaintiff served "Final Infringement Contentions pursuant to Local Civil Rule 303.6" on September 2, 2015. (DE 124-6).

Plaintiff argues that this does not suffice to meet the first condition in Rule 303.6(b) because "Krausz's final contentions simply added the Court's constructions and did not substantively change its infringement contentions." (DE 146 at 1). Local Patent Rule 303.6, however, does not place

4

such further limitations on the conditions set forth in that rule. Rather, it requires only that the "party claiming patent infringement has served 'Final Infringement Contentions' pursuant to Local Civil Rule 303.6(a))." Local Patent Rule 303.6(b)(1). This is exactly what plaintiff did, as evidenced by its own submission which expressly states that plaintiff "provides its Final Infringement Contentions pursuant to Local Civil Rule 303.6." (DE 124-6 at 2).

Plaintiff suggests that the court must look behind the stated title of the final infringement contentions to determine whether they substantively changed any of the preliminary infringement contentions. While it may be "suggested that policy considerations justify crafting a narrower standard for amendment, the court's role is not in this instance to improve upon the language of the rule but rather to apply it as written." Veolia, 63 F. Supp. 3d at 564 (citing Dodd v. United States, 545 U.S. 353, 359 (2005)). Defendants must be allowed to serve their final invalidity contentions where the condition in Rule 303.6(b)(1) has been met as written.[3]

In any event, it is not clear that policy considerations do justify crafting a narrower standard for amendment than as stated in Local Patent Rule 303.6. The purpose of the rules is to "facilitate the speedy, fair and efficient resolution of patent disputes." Local Patent Rule 301.2(a). A narrower standard for final contentions could risk unduly delaying the progress of the case through motions practice concerning the substantive impact of final contentions, before the record has been developed fully to address the issues raised by the contentions.

---

[3] Because defendants meet the first condition in Rule 303.6(b)(1), the court does not reach plaintiff's alternative contention that defendants did not act with reasonable diligence or in good faith. The case cited by plaintiff for the proposition that diligence must be established for an amendment of invalidity contentions, Verinata Health, Inc. v. Sequenom, Inc., No. C 12-00865 SI, 2014 U.S. Dist. LEXIS 25406, 2014 WL 789197, at *1 (N.D. Cal. Feb. 26, 2014), is inapposite, because that case was analyzing the "good cause" standard equivalent to the standard in the last sentence of the court's Local Patent Rule 303.7. The court need not reach that standard where defendants' final invalidity contentions are expressly permitted by Local Patent Rule 303.6.

5

Accordingly, plaintiff's basis for striking defendants' final non-infringement and invalidity contentions is without merit.

B.     Amended Invalidity Contentions

Plaintiff seeks to strike defendants' amended invalidity contentions on the basis that defendants were not sufficiently diligent in identifying the new prior art reference contained therein. Defendants assert, however, that they amended their invalidity contentions within 30 days of the discovery of new information relevant to the issue of invalidity, for which Local Patent Rule 303.7 permits amendment as of right.

Contrary to plaintiff's argument, the Local Patent Rules to not require a showing of diligence for amendments served more than 50 days after claim construction. Rather, Local Patent Rule 303.7 requires only that defendant serve its amendments "within thirty (30) days of the discovery of new information relevant to the issues of . . . invalidity." Defendant has done so here. In explaining the basis for their amended invalidity contentions, defendants assert the following:

> [T]he LowFlex™ coupling was discovered by defendants on October 22, 2015 when Mr. Bird, the Engineering Manager at Smith-Blair, found a LowFlex™ advertisement in one of numerous file cabinets containing trade show literature and product information collected by Engineering Department employees as early as the 1950's. Defendants promptly followed up on this discovery by searching for and purchasing a sample LowFlex™ coupling on eBay and by contacting the product's manufacturer, from whom defendants received additional documents describing the LowFlex™ coupling on October 29, 2015.

(DE 139 at 18-19); see DE 140. Defendants served their amended invalidity contentions on November 13, 2015, within 30 days of discovery of the LowFlex™ coupling on October 22, 2015. (See DE 124-8).

Cases cited by plaintiff, for the proposition that diligence in discovery of new information is required, are inapposite. Notably, all cases cited by plaintiff are interpreting local rule provisions

6

like the last sentence in Local Patent Rule 303.7, which require amendment only upon a showing of "good cause."[4] This court previously has recognized that the "good cause" standard requires the amendment party to demonstrate diligence in discovery of new information. See Veolia, 63 F. Supp. 3d at 565. In the instant case, however, the court need not reach application of the "good cause" standard, because defendants meet the criteria for amendment as of right under the first sentence of Local Patent Rule 303.7. See Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc., No. 5:11-CV-00296-FL, 2013 U.S. Dist. LEXIS 69898, 2013 WL 2149209, at *6 (E.D.N.C. May 16, 2013) ("Having determined that defendant amended its non-infringement contentions based on new and relevant information, the court need not reach the issue of whether defendant has demonstrated 'good cause' for the amendments.").

Accordingly, plaintiff's basis for striking defendants' amended invalidity contentions is without merit.

C.      Limitation on Prior Art References and Combinations

Apart from the grounds addressed above for striking defendants' contentions, plaintiff argues that the court should limit defendants to assertion of no more than four references per asserted patent claim, or eight total prior art references and combinations. Presently, defendants have asserted in their disclosures 65 combinations and 81 prior art references and combinations.

---

[4] See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1363 (Fed. Cir. 2006) (interpreting provision requiring that "amendments or modification to the contentions can only be made 'by order of the Court ... upon a showing of good cause'" under Northern District of California Local Rules); West v. Jewelry Innovations, Inc., No. C071812JFHRL, 2008 U.S. Dist. LEXIS 84928, 2008 WL 4532558, at *1 (N.D. Cal. Oct. 8, 2008) (same); Volumetrics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 U.S. Dist. LEXIS 67532, 2011 WL 2359061, at *13 (M.D.N.C. June 9, 2011) (same).

7

As basis for its request, plaintiff cites to a Federal Circuit Advisory Council Model Order Limiting Prior Art (the "Model Order") (DE 124-3), and a number of cases in which courts have limited the number of claims or prior art references. Under the circumstances of the instant case, however, none of these sources provide a compelling basis to impose a limitation on prior art references and combinations at this time.

The court considers first the Model Order. While promulgated by an advisory committee established by the Federal Circuit, the Model Order has not been endorsed by the Federal Circuit or this court.[5] It has not been incorporated by this court previously into its patent cases, and it has not been incorporated or referenced in this court's Local Patent Rules. In addition, the Model Order on its face is intended to be entered at the commencement of a patent case, prior to submission of the parties' joint report and plan, under Federal Rule of Civil Procedure 26(f). (See DE 124-3 at 7 n. 1; see also DE 146-1 at 4 n.1 (E.D. Tex. Model Order)). As such, the Model Order contemplates early notice and joint input by the parties addressing limitations on the number of contentions. See id.

Cases cited by plaintiff likewise are instructively distinguishable because of the timing of imposition of limitations and such courts' prior use of limitations in patent cases. For example, in Digital Reg of Tex., LLC v. Adobe Sys., No. C 12-1971 CW, 2014 U.S. Dist. LEXIS 115565, at *28-29 (N.D. Cal. Aug. 19, 2014), the court required limitations to be served five months before trial, renewed by order two weeks before trial, which is a more advanced stage of litigation than now

---

[5] See http://www.cafc.uscourts.gov/the-court/advisory-council ("The Advisory Council published model orders concerning e-discovery and limitations on claims and prior art, and posted a disclaimer that the Court did not approve the model orders. To avoid the risk of any misperception that the Court has endorsed or taken any position on the model orders through the Advisory Council, or otherwise, the Advisory Council confirms that it does not sponsor or endorse orders.").

8

presented. In Keranos, LLC v. Silicon Storage Tech., Inc., No. 2:13-CV-17, 2013 U.S. Dist. LEXIS 145194, *16 (E.D. Tex. Aug. 2, 2013), the court imposed limitations on prior art references after discovery had "substantially completed," and the court noted that it "routinely limits Defendants to two or three prior art references." In Certusview Techs., LLC v. S&N Locating Servs., LLC, No. 2:13-CV-346, 2014 U.S. Dist. LEXIS 141013 *3-4 (E.D. Va. Sept. 30, 2014), the court initially declined to limit number of claims asserted, while noting possibility at later juncture "if Plaintiff failed to 'adequately limit its claims within a timely manner after receiving the relevant discovery to which it is entitled.'"

In the instant case, while the court is cognizant of its inherent authority to limit the number of contentions to streamline issues presented in the case, good cause has not been shown for limitations at this juncture. The court may be amendable to limiting the number of prior art references asserted at trial or in dispositive motions, but neither circumstance is presented with the instant motion. Therefore, the court denies plaintiff's motion, albeit without prejudice to raising the issue of limitations following the close of discovery. In the event the case proceeds to dispositive motions, the court encourages defendants to present only the most critical issues for resolution by the court, dependent upon a handful of relevant prior art references and combinations per claim, rather than the universe of all conceivable references and combinations.

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike (DE 123) is DENIED.

SO ORDERED, this the 19th day of April, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge